### M. W. LOWRY v. RUFUS HAYNES ET AL.

Decided December 8, 1906.

**1.—Preparation of Brief—Rules.**

The brief of appellant will not be considered when no attention is paid to the prescribed rules in its preparation and the errors assigned are not presented in such a way as to enable the Appellate Court to pass on them intelligently.

**2.—Suggestion of Death—Entry of Record.**

A recital in the judgment that the death of plaintiff was suggested and leave granted the appellees to make themselves plaintiffs and prosecute the suit, is sufficient evidence of those facts, without the formal entry of record as contemplated by article 1246, Revised Statutes.

**3.—Suggestion of Delay.**

Where the appellee suggests delay and an inspection of the record discloses that no formal entry was made in the trial court of the death of the original plaintiff and of leave to the appellees to prosecute the suit, the error, having been assigned by the appellant, although not sufficient to require a reversal of the judgment is sufficient to save the appellant from damages on affirmance.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*M. W. Lowry,* for himself.

*O'Brien, John & O'Brien,* for appellees.

REESE, ASSOCIATE JUSTICE.—Rufus Haynes brought suit in the District Court of Jefferson County against M. W. Lowry to recover the amount due upon a certain promissory note executed by Lowry payable to Daniel Lewis, and alleged to be the property of said Rufus Haynes, and to foreclose the vendor's lien by which payment of the note was secured. Rufus Haynes died pending the suit and Mrs. Ellen Ewing, joined by her husband, Mack Ewing, and Walter Haynes, a minor, suing by his next friends, the said Ellen and Mack Ewing, filed a paper in the nature of a motion and an amended petition suggesting the death of said Rufus Haynes and alleging that he died intestate, that there was no administration upon his estate and that there existed no necessity therefor, and that they were his only heirs at law, and praying that they be allowed to prosecute the suit in their own names. The amended petition, which forms one paper with the aforesaid motion, after reciting the facts by virtue of which the new plaintiffs were brought into the suit, alleges the execution of the note and the facts with regard to the vendor's lien, the transfer of the note to Rufus Haynes, and the ownership of the same by plaintiffs as his only heirs, demand and refusal of payment and prayer for judgment and foreclosure of lien.

George C. O'Brien intervened, alleging that Rufus Haynes, after the institution of the suit, had transferred the note to him as collateral security for a debt of $200, and prayed for judgment protecting his interest.

Defendant answered denying generally, and specially denying that plaintiff, Rufus Haynes, was the owner of the note and alleging that it

was the property of the heirs of Daniel Lewis, deceased. Thereafter, Paul Millard, administrator of the estate of Daniel Lewis, intervened, and adopting the allegations of defendant's answer as to the ownership of the note being in the estate of Daniel Lewis, prayed that if it be so found he have judgment against defendant.

The court rendered judgment in favor of plaintiffs for the amount due upon the note, less the amount of intervenor O'Brien's claim, as to which judgment was rendered in his favor, and decreed a foreclosure of the vendor's lien and that the proceeds of the sale be applied first, to the satisfaction of intervenor's claim, and second, to the satisfaction of the claim of plaintiffs. Judgment was against the administrator of Daniel Lewis as to his claim. From the judgment defendant Lowry appeals.

The record contains neither statement of facts, bills of exceptions nor conclusions of the trial court.

The brief of appellant can not be considered. No attention is paid to the rules of court in its preparation, nor does it present the errors relied upon for a reversal of the judgment in such a way as to enable the court to intelligently pass upon them.

The appellees suggest that the appeal is for delay only and asks our affirmance of the judgment with damages. An inspection of the record does not disclose any grounds for reversal. No entry of record, as provided by article 1246, Rev. Stats., of the suggestion of the death of Rufus Haynes, deceased, as a condition of the right of the appellees, as his heirs, to sue, appears in the record. There is, however, a recital in the judgment that this suggestion was made and that appellees were granted leave to sue. Appellees, in their brief, insist that this entry was properly made, and the brief contains what purports to be a certified copy of such entry. Appellees should have had the record perfected by certiorari. We can not consider the contents of the brief as a substitute for the record. Error is assigned upon this point by appellant. The recitals in the judgment that the death was suggested and leave granted appellees, as heirs of Rufus Haynes, deceased, to enter themselves as plantiffs and prosecute the suit, is sufficient without the entry of record preliminarily made as contemplated by the statute. We think, however, that the error indicated is sufficient to save appellant from the damages which may be allowed in case of an appeal which appears to have been taken merely for delay.

The record does not disclose any reversible error. The judgment is affirmed, but without damages.

*Affirmed.*

Writ of error refused.